

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT C. CASTANZA,

            Plaintiff,

                                    **OPINION & ORDER**

    -against-                              06-CV-6654 (SJF) (AKT)

THE TOWN OF BROOKHAVEN, MEMBERS OF THE
BOARD OF THE TOWN OF BROOKHAVEN, JOHN
JAY LAVALLE, individually and in his official capacity as
Town Supervisor, GERALDINE ESPOSITO, individually
and in her official capacity as Councilwoman, EDWARD
J. HENNESSEY, individually and in his official capacity as
Councilman, CHARLES A. LEFKOWITZ, individually
and in his official capacity as Councilman, TIMOTHY P.
MAZZEI, individually and in his official capacity as
Councilman, JAMES M. TULLO, individually and in his
official capacity as Councilman, KAREN WILUTIS,
individually and in her official capacity as Town Attorney,
DAVID V. FAULKNER, individually and in his official
capacity as Assistant Town Attorney, DAVID MORAN,
individually and in his official capacity as Assistant Town
Attorney, DIANNE LOWE, individually and in her official
capacity as Inspector, Brookhaven Department of Waste
Management, LAURI MURRAY, individually and in her
official capacity as Brookhaven Deputy Clerk and Registrar,
JAYME SHORT, individually and in her official capacity as
Secretary To the Town Clerk of Brookhaven, BRIAN TOHILL,
individually and in his official capacity as Town Investigator,
WALTER MARESCO, individually and in his official
capacity as a Town Employee and JOHN DOES and JANE
DOES #1-10, individually and in their capacities as assigns
and/or employees of the Town of Brookhaven,

            Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

1.    Introduction

    On December 15, 2006, plaintiff Vincent C. Castanza ("Plaintiff") commenced this action

against the Town of Brookhaven ("Town"), members of the Board of the Town, John Jay Lavalle, Geraldine Esposito, Edward J. Hennessey, Charles A. Lefkowitz, Timothy P. Mazzei, James M. Tullo, Karen Wilutis, David V. Faulkner, David Moran, Dianne Lowe, Lauri Murray, Jayme Short, Brian Tohill, Walter Maresco, and John Does and Jane Does Nos. 1-10 (collectively "Defendants"), claiming violations of 42 U.S.C. §§ 1983 and 1985, and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution. Defendants now move pursuant to Rule 11 ("Rule 11") of the Federal Rules of Civil Procedure for sanctions. For the reasons stated herein, the motion of Defendants for sanctions is denied.

II. Background

Plaintiff has owned property in Miller Place, New York ("Miller Place Property") since in or about 1990. Defendants contend that, on or about August 15, 2005, the Town served upon Plaintiff a Notice of Order (the "Notice") directing Plaintiff to remove the existing debris on the Miller Place Property within ten (10) days of the date of the Notice or the "Town would perform a clean up." (Mem. of Law, dated Sept. 6, 2007 ("Defs.' Mem."), p. 5.) Defendants further contend that Plaintiff did not remove the debris as directed by the Notice nor did Plaintiff contact the Town regarding the Notice. Plaintiff alleges that, on or about September 22, 2005, Defendants entered the Miller Place Property without Plaintiff's consent, and removed Plaintiff's personal property and landscaping tools, including a lawn mower, a material transporter, a utility ramp, a rototiller, a leaf vacuum, electric leaf blowers, gas engine equipment, lamps, an aluminum extension ladder, an aluminum utility bench, two wheel barrows, and storm windows. In addition, Plaintiff alleges that when Defendants entered the Miller Place Property they caused

substantial damage, including destruction of a concrete slab, and damage to Plaintiff's driveway and lawn.

III. <u>Discussion</u>

    A.    Legal Standard

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." <u>Kropelnicki v. Siegel</u>, 290 F.3d 118, 131 (2d Cir. 2002) (citations and quotation marks omitted); see <u>Fox v. Boucher</u>, 794 F.2d 34, 37-38 (2d Cir.1986) (stating that Rule 11 "permits the imposition of sanctions when an attorney signs a pleading that is interposed for an improper purpose without reasonable inquiry or without grounds justifying the argument advanced"). "'[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness' and is not based on the subjective beliefs of the person making the statement." <u>Storey v. Cello Holdings, L.L.C.</u>, 347 F.3d 370, 387 (2d Cir. 2003) (quoting <u>Margo v. Weiss</u>, 213 F.3d 55, 65 (2d Cir. 2000)).

"Even if the district court concludes that the assertion of a given claim violates Rule 11, ... the decision whether or not to impose sanctions is a matter for the court's discretion." <u>Perez v. Posse Comitatus</u>, 373 F.3d 321, 325 (2d Cir. 2004); <u>see also</u> Fed. R. Civ. P. 11(c) (stating that "[i]f ... the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction ...."). And, "[w]hen divining the point at which an argument turns from

3

merely losing to losing and sanctionable, ... [the Second Circuit has] instructed district courts to resolve all doubts in favor of the signer." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993) (citation omitted).

B. Application

Defendants assert that Plaintiff and or his counsel should be sanctioned pursuant to Rule 11 because Plaintiff is advancing arguments that are completely without merit in law or fact. Specifically, Defendants allege that Plaintiff has improperly named as defendants in the instant action fourteen employees of the Town ("Employee Defendants") in their individual capacities, "many of whom have absolutely no connection to the series of occurrences complained of by [Plaintiff]." (Defs.' Mem. p. 4.) Defendants contend that Employee Defendants have qualified immunity and these defendants were not personally involved in the alleged constitutional violations. Defendants also allege that "state or town officials can only be held personally answerable in damages to [Plaintiff] if they 'knew or reasonably should have known that the action [they] took within [their] sphere of official responsibility would violate the constitutional rights of [Plaintiff], or if [they] took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to [Plaintiff].'" (Id. at 11 (quoting Swift v. Toia, 450 F. Supp. 983, 987 (S.D.N.Y. 1978).) In addition, Defendants claim that Plaintiff named the Employee Defendants in this action to "harass the parties," "thwart" enforcement of the Town Code, and "clutter the pleadings." (Defs.' Mem. pp. 4-5.)

"Rule 11 is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be

4

advanced to extend, modify or reverse the law as it stands." Rodick, 1 F.3d at 1350 (citations and quotation marks omitted); see Shafii v. British Airways, PLC. 83 F.3d 566, 570 (2d Cir. 1996) (stating that "[f]or a legal argument to merit sanctions under [Rule 11], 'it must be clear under existing precedents that there is no chance of success.'") (quoting Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir.1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991)). Here, Plaintiff contends that Employee Defendants are not protected by qualified immunity because their alleged misconduct was not objectively reasonable. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 , 73 L.Ed.2d 396 (1982) (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Plaintiff also alleges that Employee Defendants, who acted as supervisory officials, may be considered to be personally involved in the alleged constitutional violations. See Younger v. City of New York, 480 F. Supp. 2d 723, 731 (S.D.N.Y. 2007) (stating that a "'defendant who occupies a supervisory position may be personally involved' in a deprivation of constitutional rights in several ways, including: (1) directly participated in the infraction; (2) after learning of the violation, failing to remedy the wrong; (3) creating a policy or custom under which unconstitutional practices occurred, or allowing such a policy or custom to continue; (4) being grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) demonstrating 'gross negligence' or 'deliberate indifference' to the constitutional rights of an individual by having actual or constructive notice of unconstitutional practices and failing to act.") (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Plaintiff contends that upon completion of depositions

and other discovery, Plaintiff will have evidentiary support that Employee Defendants are personally involved in the alleged wrongful conduct.

Whether Plaintiff's arguments are ultimately successful is not appropriate for this Court to consider on a motion pursuant to Rule 11, it suffices that Plaintiff's claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that Plaintiff's factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (3); see also Pannonia Farms, Inc. v. United States of America Cable, 426 F.3d 650, 652 (2d Cir. 2005) (stating that "Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy. Although the imposition of sanctions is within the province of the district court, 'any such decision [should be] made with restraint and discretion.'") (quoting Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir.1999)). Insofar as Plaintiff named individuals who were not personally involved in the alleged constitutional violation and who are protected by the qualified immunity defense, such inclusion, in the exercise of the Court's discretion, does not warrant the imposition of sanctions. In addition, contrary to Defendants' contention, there is not sufficient evidence on the record indicating that Plaintiff included Employee Defendants in the instant action to thwart enforcement of the Town Code, clutter the pleadings, or for any "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Therefore, in the exercise of its discretion, the Court finds that sanctions pursuant to Rule 11 are not warranted.

Accordingly, the motion of Defendants for sanctions pursuant to Rule 11 is denied.

IV. Conclusion

For the foregoing reasons, the motion of Defendants (Docket No. 16) pursuant to Federal Rule of Civil Procedure 11 is DENIED.

**IT IS SO ORDERED.**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

Dated: Central Islip, New York
September 30, 2008

Copies to:

R. Bertil Peterson
The Coalition of Landlords, Homeowners & Merchants, Inc.
28 East Main Street
Babylon, NY 11702

Jeltje DeJong
Devitt Spellman Barrett
50 Route 111
Smithtown, NY 11787