UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

VINCENT C. CASTANZA,

Plaintiff,

-against-

**OPINION & ORDER**
06-CV-6654 (SJF) (AKT)

THE TOWN OF BROOKHAVEN, MEMBERS OF
THE BOARD OF THE TOWN OF BROOKHAVEN,
JOHN JAY LAVALLE, individually and in his official
capacity as Town Supervisor, GERALDINE ESPOSITO,
individually and in her official capacity as Councilwoman,
EDWARD J. HENNESSEY, individually and in his official
capacity as Councilman, CHARLES A. LEFKOWITZ,
individually and in his official capacity as Councilman,
TIMOTHY P. MAZZEI, individually and in his official
capacity as Councilman, JAMES M. TULLO, individually
and in his official capacity as Councilman, KAREN
WILUTIS, individually and in her official capacity as
Town Attorney, DAVID V. FAULKNER, individually
and in his official capacity as Assistant Town Attorney,
DAVID MORAN, individually and in his official capacity
as Assistant Town Attorney, DIANNE LOWE, individually
and in her official capacity as Inspector, Brookhaven
Department of Waste Management, LAURI MURRAY,
individually and in her official capacity as Brookhaven
Deputy Clerk and Registrar, JAYME SHORT, individually
and in her official capacity as Secretary To the Town Clerk
of Brookhaven, BRIAN TOHILL, individually and in his
official capacity as Town Investigator, WALTER MARESCO,
individually and in his official capacity as a Town Employee
and JOHN DOES and JANE DOES Nos. 1-10, individually
and in their capacities as assigns and/or employees of the
Town of Brookhaven,

Defendants.

———————————————————————X

FEUERSTEIN, J.

1.     Introduction

On December 15, 2006, plaintiff Vincent C. Castanza ("Plaintiff") commenced this action

against John Jay Lavalle ("Lavalle"), Geraldine Esposito ("Esposito"), Edward J. Hennessey ("Hennessey"), Charles A. Lefkowitz ("Lefkowitz"), Timothy P. Mazzei ("Mazzei"), James M. Tullo ("Tullo"), Karen Wilutis ("Wilutis"), David V. Faulkner ("Faulkner"), David Moran ("Moran"), Dianne Lowe ("Lowe"), Lauri Murray ("Murray"), Jayme Short ("Short"), Brian Tohill ("Tohill"), and Walter Maresco ("Maresco") (collectively the "Individual Defendants"), and John Does and Jane Does Nos. 1-10, the Town of Brookhaven ( "Town") and members of the Board of the Town ("Town Board Members") (collectively with the Individual Defendants, "Defendants"), claiming, *inter alia*, trespass, infliction of emotional distress, and violations of 42 U.S.C. §§ 1983 (§ 1983) and 1985 (§ 1985), and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.

Defendants now move pursuant to Rule 56 ("Rule 56") of the Federal Rules of Civil Procedure for summary judgment alleging, *inter alia*, that: (1) Plaintiff has improperly named Defendants in both their individual and official capacities; and (2) the Complaint fails to state a claim, thus should be dismissed in its entirety. For the reasons stated herein, the motion of Defendants for summary judgment is granted in part and denied in part.

II.    Background

Plaintiff has owned property in Miller Place, New York ("Miller Place Property") since in or about 1990. On or about July 25, 2005, Plaintiff approached Lowe, a Town inspector, who was parked across the street from the Miller Place Property. Lowe informed Plaintiff that the Town had concerns about items, including lawn mowers, windows and piles of wood, metal and

2

concrete, located primarily in the side and front yard of the Miller Place Property, and that such items needed to be removed. Plaintiff stated that he "would look into" and "take care of" some of the concerns that Lowe raised. (Hrg. Tr. 64:24-65:5, dated Jan. 24, 2006 ("Pl. Hrg."), attached as Ex. C to Decl. in Supp. of Mot. for Summ. J., dated September 4, 2007 ("deJong Decl.").)

The Town served a Notice of Order (the "Notice"), dated August 15, 2005,[1] on the Miller Place Property directing Plaintiff to remove the "existing litter," including "metal framed windows, lawn mowers, tires, scrap wood, bricks, cinder blocks," and "metal structures," on the front and rear of the Miller Place Property within ten (10) days of the date of the Notice or the Town, pursuant to section 45-4E ("§45-4E") of the Sanitary Code of the Town, "shall undertake to enter upon the property, remove the litter and assess the costs of such removal against the property." (Notice, attached as Ex. D to deJong Decl.)

On or about September 22, 2005, employees of the Town entered the Miller Place Property and removed items from the Miller Place Property, including, *inter alia*, a lawn mower, a material transporter, a utility ramp, a rototiller, a leaf vacuum, electric leaf blowers, gas engine equipment, lamps, an aluminum extension ladder, an aluminum utility bench, two wheel barrows, and storm windows. Plaintiff alleges that when the employees of the Town entered the Miller Place Property, by using a tank-threaded Bobcat loader, they caused substantial damage and removed tools that Plaintiff used in connection with his employment as a landscaper.

On November 15, 2005, the Town sent Plaintiff a letter (the "November 2005 Letter")

---

[1] Plaintiff alleges that the Notice was served on the Miller Place Property on or about August 5, 2005.

stating that Plaintiff owed the Town $2,531.36, "representing [the cost of] the clean-up of litter and debris on [the Miller Place Property]." (November 2005 Letter, attached as Ex. E to deJong Decl.)

III.  Discussion

A.  Legal Standard

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. See id.

The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "In order to defeat a summary judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by [Rule 56(e)], the opposing party is required to come forward with materials envisioned by [Rule 56], setting forth specific facts showing that there is a genuine issue of material fact to be tried."

Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). The nonmoving party "cannot defeat the motion by relying on the allegations in his pleading . . . , or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." Id. (citations omitted). In addition, "[t]he motion will not be defeated merely . . . on the basis of conjecture or surmise." Id. (citations and quotation marks omitted). In determining whether the nonmoving party has presented evidence sufficient to raise a genuine issue of material fact, the district court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in their favor. See Anderson, 477 U.S. at 252; Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

B.      Section 1983 Claims[2]

1.      Official Capacity Claims

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S.Ct.2018, 56 L.Ed.2d 611 (1978). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees

---

[2] 42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...."

in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources." Escobar v. City of New York, No. 05 Civ. 3030, 2007 WL 1827414, at * 3 (E.D.N.Y. June 25, 2007) (citations and quotations omitted). Since the Town is named in the Complaint, the claims against Defendants, in their official capacities, are dismissed as duplicative and redundant. See, e.g., Drees v. County of Suffolk, No. 06 Civ. 3298, 2007 WL 1875623, at * 19 (E.D.N.Y. June 27, 2007) (dismissing the claims against the individual defendants, in their official capacities, as duplicative of the claims against the County); Baines v. Masiello, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) (dismissing the claims against the City's counsel and officials, in their official capacities, as duplicative of the claims against the City); Rini v. Zwirn, 886 F. Supp. 270, 282 (E.D.N.Y. 1995) (dismissing the claims against the Town's appointed officials and employees, including a supervisor and town board members, in their official capacities, as duplicative of the claims against the Town); Orange v. County of Suffolk, 830 F. Supp. 701, 707 (E.D.N.Y. 1993) (dismissing claims against the County's legislators and executive, in their official capacities, as duplicative of the claims against the County).

Accordingly, Defendants' motion for summary judgment to dismiss the claims against the Defendants, in their official capacity, is granted.


2.      Individual Capacity Claims


"In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Moffitt v. Town of Brookfield, 950 F.2d

880, 886 (2d Cir. 1991) (citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); Al- Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir.1989).

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

### (a)    Individual Defendants

Plaintiff has not proffered any evidence that the Individual Defendants were personally involved in the alleged wrongdoing. The Complaint alleges that the Individual Defendants are residents of Suffolk County and that they are being sued both individually and in their official capacities. Plaintiff argues that he cannot provide the "full details" of the Individual Defendants' involvement in the alleged misconduct because he has not yet had an opportunity to depose Defendants, and that "upon completion of depositions and other discovery processes, Plaintiff will be able to prove" the Individual Defendants were personally involved in the alleged misconduct. (Mem. in Opp'n to Summ. J. Mot., dated September 28, 2008 ("Pl.'s Opp'n Mem."), p. 7.)

Pursuant to Rule 56 (f), "[a] party resisting summary judgment on the ground that it needs

discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)). "[A] court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered . . . . Litigants seeking relief under the rule must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994) (citations and quotation marks omitted). However, "[a]s a general matter, . . . 'only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.'" Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (quoting Hellstrom v. United States Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000)).

Although Plaintiff did not submit an affidavit pursuant to Rule 56(f), or an opposing affidavit to Defendants' motion for summary judgment pursuant to Rule 56(e), he contends that "the acts complained of were committed by people at the direction of people, and those people are rightfully sued in their individual capacity." (Pl.s' Opp'n Mem. at p.7.) In addition, Plaintiff claims that "[d]epositions taken in other cases involving [the Town] expose that defendant [LaValle] and defendant [Town Board Members] were personally involved in the activities of

[the Town's] commissioners and their representatives," and that, during a deposition taken in connection with an unrelated case, "Town Inspector Frank DeNatale," who is not named as a defendant in the instant action, "stated that the Housing and Community Development commissioner was supervised by the supervisor of [the Town] and the Town Board and that the commissioner reported directly to the Town Board." (Id.) (citation and quotation marks omitted). Plaintiff also alleges that, in an unrelated case, Inspector Patrick Campbell, who is also not named as a defendant in the instant action, admitted that in four and one half (4 ½) years of working for the Town he had not received any education or training with regards to property owners' constitutional rights.

Plaintiff's contention that taking depositions will prove that the Individual Defendants were personally involved in the alleged misconduct is purely speculative. In addition, the statements of these non-parties made in connection with an unrelated action are not sufficient to defeat Defendants' motion for summary judgment. Further, Plaintiff's assertion that Lowe, Tohill and Maresco "personally went upon [the Miller Place Property] without Plaintiff's consent" on a different date does not indicate that these defendants were personally involved in the alleged wrongdoing that occurred in connection with the clean-up. (Pl.'s Opp'n Mem. at p.12.) Plaintiff, therefore, has failed to offer any specific facts indicating how any of the Individual Defendants may have been personally involved in the alleged wrongdoing or any facts that otherwise raise a claim of supervisor liability for constitutional violations.

Assuming, arguendo, Plaintiff alleges a violation of a clearly established right, government officials performing discretionary functions are immune from personal liability under the doctrine of qualified immunity if their conduct was objectively reasonable or if

reasonably competent individuals could disagree as to the reasonableness of the challenged conduct. See Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Plaintiff's only claims consist of a discussion between Plaintiff and Lowe on or about July 25, 2005 regarding the Town's concerns about the condition of and the removal of items from the Miller Place Property, and that, on or about September 22, 2005, Lowe arrived at the Miller Place Property after the alleged wrongdoing. It is objectionably reasonable for employees of the Town to enter, and/or inspect and/or remove litter from the Miller Place Property in accordance with the Town Code. Thus, Lowe is entitled to the defense of qualified immunity. See Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995) ("If there is no dispute about the material facts, the district court should assess the reasonableness of the defendants' conduct under the circumstances presented in order to determine on summary judgment whether the defendants are entitled to qualified immunity.")

Accordingly, Defendants' motion for summary judgment to dismiss the claims against the Individual Defendants, in their individual capacity, is granted.

(b)     Town Board Members

"Local legislators, such as members of a town board, are absolutely immune from civil rights lawsuits provided that the actions for which they are being sued are 'legislative.'" Livant v. Clifton, 334 F. Supp. 2d 321, 326 (E.D.N.Y. 2004), aff'd, 272 Fed.Appx. 113 (2d Cir. 2008), (citing Harhay v. Town of Ellington Bd. of Ed., 323 F.3d 206, 210 (2d Cir. 2003); Carlos v. Santos, 123 F.3d 61, 66 (2d Cir. 1997)). "Whether an act is legislative turns on the nature of the

act itself, rather than on the motive or intent of the official performing it." Bogan v. Scott-Harris, 523 U.S. 44, 45, 118 S.Ct. 966, 968, 140 L.Ed.2d 79 (1998) (citation omitted). Insofar as Plaintiff alleges that the Town Board Members voted in favor of or enacted the Town Codes at issue or that the Town Board Members authorized the clean-up at the Miller Place Property, such actions are legislative in nature. See Livant, 334 F. Supp. 2d at 326.

Accordingly, Defendants' motion for summary judgment to dismiss the claims against the Town Board Members, in their individual capacity, is granted.


### 3. Municipal Liability


A municipality or municipal entity cannot be held liable under § 1983 on a respondeat superior theory. See Monell, 436 U.S. at 691; Linder v. City of New York, 263 F. Supp. 2d 585, 591 (E.D.N.Y. 2003). A municipal entity may only be held liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] . . . [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018. The plaintiff must show a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions

taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y.1996); see also Davis v. Lynbrook Police Dept., 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002).

Plaintiff alleges that Defendants' actions, which allegedly violated his Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments rights of the United States Constitution, were undertaken pursuant to Chapter 45 of the Town Code, including §§ 45-3 and 45-4, which impose, *inter alia*, a duty on homeowners to keep private property free of litter and abandoned household contents, and authorizes the Town to: (1) enter, at reasonable times, upon any private property for the purpose of inspecting and investigating conditions relating to the enforcement of Chapter 45, and (2) remove litter and abandoned household contents in the event that the homeowner fails to comply with Chapter 45. Defendants counter that the Town Code and any actions taken in accordance with the Town Code do not violate Plaintiff's constitutional rights.

(a)    Fourth Amendment

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. In order to state a claim that a governmental act constitutes an unreasonable search in

12

violation of the Fourth Amendment, a plaintiff must demonstrate a reasonable expectation of privacy in the location of the alleged search. See, e.g., Georgia v. Randolph, 547 U.S. 103, 130, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). "[A] Fourth Amendment search does not occur . . . unless the individual manifested a subjective expectation of privacy in the object of the challenged search, and society [is] willing to recognize that expectation as reasonable." Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) (citations omitted); see also Illinois v. Caballes, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) ("Official conduct that does not compromise any legitimate interest in privacy is not a search subject to the Fourth Amendment."). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection . . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." Katz v. United States, 389 U.S. 347, 351-52, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (citations omitted). The "route which any visitor to a residence would use," such as driveways, walkways or similar passageways, "is not private in the Fourth Amendment sense," United States v. Reyes, 283 F.3d 446, 465 (2d Cir. 2002), and a "visual observation is no 'search' at all." Kyllo, 533 U.S. at 32 (citing Dow Chemical Co. v. United States, 476 U.S. 227, 234-235, 239, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986)).

Although there is a issue of material fact as to whether the alleged litter located in the rear of the Miller Place Property was visible from a driveway, walkway or similar passageway, "it is well established that a municipality, within the exercise of its police powers, has the right to 'summarily' abate a nuisance." Livant, 272 Fed. Appx. At 115 (noting that "the Town Officials Defendants' actions did not violate any 'clearly established' rights because there was no authority

establishing a Fourth Amendment requirement for municipalities to obtain a warrant to abate a nuisance"); Livant, 334 F. Supp. 2d at 325 (citing In the Matter of 4M Holding Co., Inc. v. Town Bd. of the Town of Islip, 81 N.Y.2d 1053, 1055, 601 N.Y.S.2d 458, 619 N.E.2d 395 (1993) ("Town Boards may summarily abate nuisances in this manner in appropriate circumstances and compel property owners to bear the cost of abatement without prior notice"); Brancato v. City of New York, 244 F. Supp. 2d 239, 245 (S.D.N.Y. 2003) ("The City's emergency abatement law . . . is constitutional. It is well recognized that when a local government, in the proper exercise of its delegated powers, summarily abates a nuisance, it may compel the owner of the property involved to bear the cost of abatement")).

Accordingly, Defendants' motion for summary judgment as to Plaintiff's Fourth Amendment claim is granted.

(b) Fifth Amendment

To the extent that Plaintiff asserts that his due process rights were violated under the Fifth Amendment, the Fifth Amendment only applies to actions by the Federal Government. See Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'") In addition, to the extent that Plaintiff alleges that his property was taken without just compensation, such claim is not ripe. Livant, 334 F. Supp. 2d at 326. "A takings claim is unripe where a remedy potentially is available under the state

14

constitution's provision." <u>Vandor, Inc. v. Militello</u>, 301 F.3d 37, 39 (2d Cir. 2002). Although Plaintiff did not initiate a state proceeding and the statute of limitations to bring such an action appears to have run, "[a] claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open." <u>Id</u>. (citations and quotations omitted). "Since [Plaintiff] . . . did not attempt to seek compensation through . . . state law methods," Plaintiff cannot, "at least at this time, assert that [his] claim cannot be adequately compensated under state law." <u>Vaizburd v. United States</u>, 90 F. Supp. 2d 210, 217 (E.D.N.Y. 2000) (citing <u>Deepwells Estates, Inc. v. Incorporated Village of Head of the Harbor</u>, 973 F. Supp. 338, 347-48 (E.D.N.Y. 1997); <u>see also</u> <u>Livant</u>, 272 Fed. Appx. at 117 (affirming the district court's dismissal of the plaintiff's takings claim as "unripe because [the plaintiff] failed to exhaust remedies seeking just compensation from the state before pursuing the federal takings claim") (citations omitted).

Accordingly, Defendants' motion for summary judgment as to Plaintiff's Fifth Amendment claim is granted.


(c)    Eighth Amendment


"Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983 (1983) (citing

15

Ingraham v. Wright, 430 U.S. 651, 671-72, n. 40, 97 S.Ct. 1401, 1412-13, n. 40, 51 L.Ed.2d 711 (1977); Bell v. Wolfish, 441 U.S. 520, 535, n. 16, 99 S.Ct. 1861, 1872, n. 16, 60 L.Ed.2d 447 (1979)); see also Atkins v. Virginia, 536 U.S. 304, 311, 122 S.Ct. 2242, 2246, 153 L.Ed.2d 335 (2002) (stating that "[t]he Eighth Amendment succinctly prohibits "[e]xcessive" sanctions"). Plaintiff was not convicted of a criminal offense and Plaintiff has not proffered any evidence indicating that Plaintiff was subjected to cruel and unusual punishment. Accordingly, Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim is granted.

(d)     Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment, however, is "a rule of construction" and does not give rise to "individual rights." Jenkins v. Commissioner of I.R.S., 483 F.3d 90, 92-93 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights; rather, it provides a 'rule of construction' that [courts] apply in certain cases . . . . The rule dictates that the "[t]he full scope of the specific guarantees [in the Constitution] is not limited by the text, but embraces their purpose.") (citations omitted). "Therefore, although the Ninth Amendment may provide the basis for recognition of un-enumerated rights, which themselves may be enforceable against a State under the Due Process Clause of the Fourteenth Amendment, the Ninth Amendment itself provides no substantive right." Palmieri v. Town of Babylon, No. 06 Civ. 0968, 2008 WL 3155153, at *17 (E.D.N.Y. Aug. 4, 2008). Thus, to the extent that Plaintiff is asserting an

"independent violation of the Ninth Amendment," Defendants' motion for summary judgment as to Plaintiff's Ninth Amendment claim is granted.

(e)    Fourteenth Amendment

(i)    Equal Protection

To establish an equal protection violation, a plaintiff must show purposeful discrimination by the defendants directed at an identifiable or suspect class. See Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Although an equal protection violation may be based on a "class of one, where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," see Kramer v. City of New York, No. 04 Civ. 106, 2004 WL 2429811, at * 5 (S.D.N.Y. Nov. 1, 2004) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)), Plaintiff did not proffer any evidence that he is a "member[] of a protected group," that "[he was] discriminated against on the basis of color, race, gender or any other protected class," or that he was treated differently from similarly situated individuals. Caracciola v. City of New York, No. 95 Civ. 3896, 1999 WL 144481, at * 6 (S.D.N.Y. Mar. 17, 1999). Therefore, Plaintiff's equal protection claim must fail. See Jackson v. Mann, 196 F.3d 316, 321 (2d Cir. 1999) (stating that the plaintiff's equal protection claim fails because, although the plaintiff alleged that the defendants "violated his equal protection rights by requiring him to prove that he is Jewish according to Judaic law while allowing members of other religions to

17

practice their religions without making a similar showing[,] ... [the plaintiff] presented no evidence whatsoever that he was treated differently from similarly situated members of other religions) (citation omitted); see also Caracciola, 1999 WL 144481, at * 6 (holding that plaintiffs' equal protection claims were frivolous where they failed to allege that they were members of a protected group, and they failed to relate specific instances where other persons similarly situated were treated differently or where they were singled out for unlawful treatment). Accordingly, Defendants' motion for summary judgment as to Plaintiff's Equal Protection claim is granted.

(ii)     Due Process

(a)     Procedural Due Process

"To prevail on a [procedural due process] claim, the plaintiff must show" that: (1) "[the plaintiff] possessed a protected liberty or property interest;"and (2) "[the plaintiff] was deprived of that interest without due process." McMenemy v. City of Rochester, 241 F.3d 279, 285-86 (2d Cir. 2001) (citation and quotation omitted). "Due process requires only that a hearing be held at a meaningful time and in a meaningful manner," and [w]here a pre-deprivation hearing is impractical and a post-deprivation hearing is meaningful, the State satisfies its constitutional obligations by providing the latter." Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984).

"For notice to be sufficient, it must (i) be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," (ii) "convey the required information," (iii) "afford a

18

reasonable time for those interested to make their appearance." Brancato, 244 F.Supp.2d at 242 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Plaintiff does not dispute that: (1) he received the Notice on or about August 15, 2005 informing Plaintiff that if he did not remove the litter as described in the Notice from the Miller Place Property within ten (10) days, the Town would enter the Miller Place Property and remove the litter; (2) Plaintiff did not contact the Town concerning the Notice; and (3) Plaintiff did not remove the litter. Plaintiff, therefore, had "adequate notice that he needed to remove the [litter] from his property before the Town was forced to do it for him," and Plaintiff had an opportunity to comply with the Notice or contact the Town in response to the Notice. Livant, 334 F.Supp.2d at 326. The Town acted in accordance with its Code provisions and in accordance with New York Town Law § 64(5-a). In addition, the Town's failure to conduct a hearing prior to the alleged constitutional deprivation, did not deprive Plaintiff of due process of law. See Matter of 4M Holding Co. v. Town Bd. of Town of Islip, 185 A.D.2d 317, 586 N.Y.S.2d 286, aff'd 81 N.Y.2d 1053, 601 N.Y.S.2d 458, 619 N.E.2d 395 (holding that there was no "due process violation in the Town Board's failure to notify the petitioner or to conduct an adversarial hearing prior to the adoption of the resolution" authorizing the town to enter petitioner's property to remove debris).

Accordingly, Defendants' motion for summary judgment as to Plaintiff's procedural Due Process claim is granted.

### (b)    Substantive Due Process

"It is well settled that, where 'the alleged right . . . cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental,' notions of substantive due process will not apply." Local 342 v. Town Bd. of Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting Reno v. Flores, 507 U.S. 292, 303, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)). "Substantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" Id. (quoting Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937)).  In order to establish a substantive due process violation, a plaintiff must demonstrate that: (1) the plaintiff had a "valid property interest;" and  (2) "defendants infringed on that property right in an arbitrary or irrational manner." Cine SK8 v. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007) (citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001)); see also Ferran v. Town of Nassau, 471 F.3d 363, 369 -70 (2d Cir. 2006) (stating that "[t]o establish a substantive due process violation, the [plaintiffs] must show that the [defendant's] alleged acts against their land were 'arbitrary,' 'conscience-shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised'") (quoting Lowrance v. C.O. S. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)).  "[C]onduct that would rise to this standard included a 'planning dispute . . . tainted with . . . racial animus' or 'fundamental procedural irregularity.'" Cine SK8, Inc., 507 F.3d at 785 (quoting Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999)).

State law defines the contours of constitutionally protected property interests. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  Under New York law, "the deprivation of the tools and equipment whereby a party earns his livelihood is the

deprivation of an important property interest," and as such, Plaintiff has established that he has a valid property interest in the landscaping tools that were removed from the Miller Place Property. Cedar Rapids Engineering Co. v. Haenelt, 333 N.Y.S.2d 953, 956 (N.Y. 1972). Although Plaintiff has not proffered any evidence indicating that the Town entered the Miller Place Property arbitrarily, a genuine issue of material fact exists as to whether the Town was reckless in its removal of the landscaping tools. See WTC Families for a Proper Burial, Inc. v. City of New York, 567 F.Supp.2d 529, 538 ("If the Defendants' actions were carried out under other than exigent circumstances, and if more reasoned reflection was available to the Defendants, then reckless or deliberate indifference may suffice to establish a due process violation.") (citing Pabon v. Wright, 459 F.3d 241, 251 (2d Cir. 2006)).

Accordingly, Defendants' motion for summary judgment as to Plaintiff's substantive Due Process claim is denied.


C.      Section 1985 Claims


To state a claim for conspiracy under § 1985, a plaintiff must assert:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Armstrong v. Brookdale Univ. Hosp. & Med. Ctr., No. 98 Civ. 2416, 2002 WL 13222, at * 3 (Jan. 3, 2002 E.D.N.Y.) (citing Mian v. Donaldson, 7 F.3d 1085, 1087 (2d Cir. 1993); see also Schuler v. Bd. of Educ., Cent. Islip Union Free Sch. Dist., No. 96 Civ. 4702, 2000 WL 134346,

at *15 (E.D.N.Y. Feb. 1, 2000); Strong v. Montava, 64 F. Supp. 2d 101, 107 (E.D.N.Y. 1999).

"Under the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together." Quinn v. Nassau County Police Dep't, 53 F. Supp. 2d 347, 359 (E.D.N.Y. 1999); see also Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978), cert. denied, 439 U.S. 1003, 99 S.C. 613, 58 LED.2d 679 (1978); Girard v. 94th and 5th Avenue Corp., 530 F.2d 66, 71 (2d Cir. 1976), cert. denied, 425 U.S. 974, 96 S.Ct. 2173, 48 LED.2d 798 (1976). "This is particularly so where the officers and employees are alleged to be acting within the scope of their employment." Rini v. Zwirn, 886 F. Supp. 270, 291 (E.D.N.Y. 1995). The doctrine, which had its genesis in cases involving corporations, has been extended to allegations of conspiratorial conduct between a public entity and its employees. Everson v. New York City Transit Auth., 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002); Silverman v. City of New York, No. 98 Civ. 6277, 2001 WL 1776157, at *4 (E.D.N.Y. Nov. 19, 2001); Rini, 886 F. Supp. at 292. "An exception to the intracorporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity." Bond v. Board of Educ. of the City of New York, No. 97 Civ. 1337, 1999 WL 151702, at *2 (E.D.N.Y. Mar. 17, 1999).

Plaintiff has not proffered any evidence indicating that Defendants acted outside the scope of their employment or that the alleged wrongful acts of Defendants were undertaken to pursue personal interests that were independent of the Town. Therefore, the doctrine of intracorporate conspiracy bars Plaintiff's § 1985 claim against Defendants.

Accordingly, Defendants' motion for summary judgment as to Plaintiff's conspiracy claim is granted. Because this claim fails because of the intracorporate conspiracy doctrine, the

22

Court does not address the additional defense raised by Defendants.

D.    Constitutionality of the Town Code Provisions

Plaintiff contends that the Town's nuisance abatement ordinance, contained in Chapter 45 of the Town Code, is "illegal and unconstitutional." (Compl., at ¶ 49.) States have the authority under their police powers to enact laws protecting the health, safety, and welfare of their citizens. United Haulers Ass'n. Inc. v. Oneida-Herkimer Solid Waste Management, 550 U.S. 330, 342, 127 S.Ct. 1786, 167 L.Ed.2d 655. In New York, Section 10 of the Municipal Home Rule extends this police power to counties, cities, towns, and villages. See N.Y. Mun. Home. Rule § 10. An exercise of government's police power is presumed to be constitutionally valid and is subject to rational-basis review. Ecogen. LLC v. Town of Italy, 438 F.Supp.2d 149, 158 (W.D.N.Y. 2006) (noting that a zoning ordinance, "as an exercise of the Town's police power, . . . is also subject to a presumption of validity and to rational-basis review"). See also Bibb v. Navajo Freight Lines, 359 U.S. 520, 529, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959) (exercise of police power is presumed to be constitutionally valid). Thus, in order to demonstrate that the Town's nuisance abatement ordinance is not a valid exercise of police power, Plaintiff must show that its means are not reasonably necessary for the accomplishment of its purpose. Goldblatt v. Town of Hempstead, N.Y., 360 U.S. 590, 594-95, 82 S.Ct. 987, 8 L.Ed. 2d 130 (1962). Aside from his unsupported allegations that the ordinance is unconstitutional, Plaintiff has failed to submit any evidence demonstrating that the ordinance is unreasonable. Moreover, courts have found similar ordinances to be valid exercises of a municipality's police powers. See Livant v. Clifton, 334 F.

23

Supp. 2d at 321 (E.D.N.Y 2004) (holding that removing debris from plaintiff's property pursuant to Town of Islip Code was a valid exercise of police power); 4M Holding Co., Inc., 81 N.Y.2d at 1054-55 ("Town Board of Islip's resolution requiring petitioner to clear 33,000 cubic yards of burning debris from its property in 10 days was not arbitrary, capricious or contrary to law"). Therefore, Defendant's motion for summary judgment on Plaintiff's claim that Section 45 of the Code of the Town of Brookhaven is unconstitutional is granted.

E.    State Law Claims

Plaintiff asserts various state law claims, including, *inter alia*, intentional infliction of emotional distress, negligent infliction of emotional distress, and trespass.

(i)    Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress has four (4) elements: (1) extreme and outrageous conduct; (2) an intent to cause, or a disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress. Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993). However, even if Plaintiff could demonstrate that Defendants' conduct was outrageous, recovery would nevertheless be precluded because he has failed to establish actual emotional distress. Baez v. City of Amsterdam, 245 A.D.2d 705, 706, 666 N.Y.S.2d 312 (3d Dep't 1997). Moreover, "[d]amages may not be recovered for emotional

24

distress caused by intentional or negligent harm to personal property." <u>Biondo v. Linden Hill United Methodist Cemetery Corp.</u>, 280 A.D.2d 570, 570, 720 N.Y.S.2d 558 (2d Dep't 2001). Therefore, Defendants' motion for summary judgment on Plaintiff's claim of intentional infliction of emotional distress is granted.

(ii)     Negligent Infliction of Emotional Distress

Plaintiff contends that the Town negligently caused him to suffer emotional distress by damaging his property. (Compl., at 15.) To prevail on a claim of negligent infliction of emotional distress, a plaintiff must prove a breach of a duty owed to plaintiff which exposes him or her to an unreasonable risk of bodily injury or death. <u>Bovsun v. Sanperi</u>, 61 N.Y.2d 219 (N.Y. 1984). "While physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety." <u>Perry v. Valley Cottage Animal Hosp.</u>, 261 A.D.2d 522, 523, 690 N.Y.S.2d 617 (N.Y. App. Div. 1999). Plaintiff's claim is premised upon damage to his property, not conduct that endangers his own safety, and as such, he cannot demonstrate a claim of negligent infliction of emotional distress. Therefore, Defendants' motion for summary judgment on Plaintiff's claim of negligent infliction of emotional distress is granted.

25

(iii)    Trespass

Plaintiff alleges that during the course of removing the debris and litter from the Miller Place Property, the Town trespassed upon his property. "[T]respass is characterized by one's intentional entry, with neither permission nor legal justification, upon the real property of another." Wells Fargo v. Tyson, No. 2007-28042, 2010 WL 753360, at *4 (Sup. Ct. Mar. 5, 2010). To be liable for trespass, a defendant "must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently. . . ." Phillips v. Sun Oil Co., 307 N.Y. 328, 331 (N.Y. 1954). It is undisputed that Defendants intended to enter upon Plaintiff's property. (Notice, attached as Ex. D to deJong Decl.) However, Defendants have demonstrated that they were authorized to enter the Miller Place Property by Section 45 of the Sanitary Code of the Town, and Plaintiff has failed to raise a material issue of fact in opposition. See Esmont v. City of New York, 371 F. Supp. 2d 202, 212 n. 10 (E.D.N.Y.2005) (noting that "entries onto private land by public officers authorized to abate public nuisances are privileged against trespass actions at common law"); Woodhull v. Town of Riverhead, 46 A.D. 3d 802, 804, 849 N.Y.S.2d 79 (N.Y. App. Div. 2007) ("The defendant satisfied its prima facie burden establishing its entitlement to judgment as a matter of law by demonstrating that its officers were authorized to enter the plaintiff's land to post a stop-work order after having observed a violation of the Code of the Town of Riverhead.") Therefore, Defendants' motion for summary judgment on Plaintiff's trespass claim is granted.

IV.   Conclusion

For the foregoing reasons, the motion of Defendants (Docket No. 13) for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied as to Plaintiff's § 1983 claim based upon substantive due process as against the Town, and granted as to Plaintiff's remaining claims.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

Dated: Central Islip, New York
March 22, 2010

Copies to:
R. Bertil Peterson
The Coalition of Landlords, Homeowners & Merchants, Inc.
28 East Main Street
Babylon, NY 11702

Jeltje DeJong
Devitt Spellman Barrett
50 Route 111
Smithtown, NY 11787